**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHERYL G. LEVINE,

    Plaintiff,                                                            CASE NO.:

vs.

DOLLAR TREE STORES, INC. and
JOHN DOE,

    Defendants.
_____/

## DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF REMOVAL

Defendant, DOLLAR TREE STORES, INC., (hereinafter, "Defendant" or "Dollar Tree") by and through its undersigned counsel and pursuant to *28 U.S.C. §§ 1332, 1441*, and *1446 and Local Rule 4.02*, hereby removes this action from the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

### BACKGROUND

1. On or about June 2, 2020, Cheryl G. Levine ("Plaintiff") filed a Complaint against Dollar Tree and John Doe in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, captioned CHERYL G. LEVINE vs. DOLLAR TREE STORES, INC. and JOHN DOE, Case Number 20-002631-CI (hereinafter, "Complaint").

2. On or about June 11, 2020, Plaintiff served the Pluries Summons and Complaint on Defendant, Dollar Tree, through its agent for service of process. The case stated by the initial pleading was not removable.

3. On August 24, 2020, Plaintiff served a Proposal for Settlement on Dollar Tree, which was an other paper from which it may first be ascertained that the case is one which is or has become removable. *See Pantages v. Cardinal Health 200, Inc.*, 5:08-CV-116-OC-10GRJ, 2008 WL 11335074, at *4 (M.D. Fla. June 5, 2008), *report and recommendation adopted*, 5:08-CV-116-OC-10GRJ, 2008 WL 11335075 (M.D. Fla. July 2, 2008) ("There is a wealth of authority supporting the view that proposals for settlement constitute an 'other paper' within the meaning of section 1446(b).").

4. Dollar Tree is not required to obtain Defendant John Doe's consent for this removal because John Doe is a fictitious-name defendant who has not been served. *See Laposa v. Walmart Stores E. LP*, 220CV182FTM29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020).

5. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this action because there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### AMOUNT IN CONTROVERSY

6. Plaintiff alleges that this is an action for damages in excess of Thirty Thousand Dollars ($30,000.00). (Complaint at ¶1). Plaintiff alleges that she

> was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of a physical nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal lie; incurred loss of wages and a loss of wage earning capacity; and incurred aggravation of a pre-existing condition,

      all of which are either permanent or continuing in nature and the Plaintiff, CHERYL G. LEVINE, will sustain said loss in the future.

(Complaint at ¶¶12, 17).

    7.    On September 3, 2020, Plaintiff served her Answers to Dollar Tree's Interrogatories and Requests for Production. Plaintiff stated that she suffered a "[l]eft hip sprain and left rotator cuff injury with shredded bicep muscle." She also listed medical expenses to date totaling $57,930.86.

    8.    On August 24, 2020, Plaintiff served a Proposal for Settlement on Dollar Tree, offering to settle this matter for over five (5) times the jurisdictional minimum of this Court.

    9.    A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) non-monetary relief or (b) a money judgment and the State practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the Court questions, the defendant's allegation as to the amount in controversy. *Dart, 135 S. Ct. at 554*. Although Plaintiff has not alleged in the Complaint that the amount in controversy exceeds $75,000.00, the Court is entitled to rely on its judicial experience and common sense in determining that a

cause of action is likely to exceed $75,000.00 and therefore meets the jurisdictional limits of the Court. Defendant's allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc., 608 F.3d 744, 754 (11th Cir. 2010)*. Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

10. Although Dollar Tree denies that Plaintiff is entitled to any monetary relief whatsoever, based on this information, Dollar Tree believes, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs. Dollar Tree's good faith belief is based upon medical documentation provided in discovery, Plaintiff's alleged past medical expenses, Plaintiff's proposal for settlement of over 5 times the jurisdictional minimum of this Court, and Plaintiff's allegations in her Complaint. Therefore, this Court has jurisdiction over this case. *See 28 U.S.C. § 1332(a)(1)*.

### DIVERSITY OF CITIZENSHIP

11. Plaintiff is a citizen of Pinellas County, Florida. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002)*. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc., 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011)*. To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v.*

*Penn. Lumbermen's Mut. Fire Ins. Co., No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at \*4 (M.D. Fla. Oct. 22, 2007); see Juvelis v. Snider, 68 F.3d 648, 654 (3d Cir. 1995)* ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick, 293 F.3d at 1258*. Plaintiff alleges that she is a "resident of Pinellas County, Florida." (Complaint, at ¶2). Further, medical records provided by Plaintiff in discovery reveal that Plaintiff's address is in Pinellas County, Florida. Plaintiff received medical treatment from facilities located in or near Pinellas County, Florida as well.

12.     Dollar Tree is a citizen of the Commonwealth of Virginia. Specifically, Dollar Tree is incorporated in Virginia, and its principal place of business is in Chesapeake, Virginia.

13.     The citizenship of John Doe is disregarded for removal purposes. *See* 28 *U.S.C. § 1441(b)(1)*. Dollar Tree may ultimately argue that the John Doe store manager is fraudulently joined, but because the citizenship of John Doe is disregarded for removal purposes, this "obviates the need to consider fraudulent joinder at the removal stage of the proceedings." *Laposa, 2020 WL 2301446, at \*1*.

14.     Complete diversity of citizenship exists because Plaintiff is not a citizen of the same state as Defendant. *See 28 U.S.C. § 1332(a)*. Accordingly, this Court has jurisdiction pursuant to *28 U.S.C. § 1332(a)*.

**P**ROCEDURAL **C**OMPLIANCE

15. Although Dollar Tree denies that Plaintiff is entitled to any monetary relief whatsoever, based on the above information, Dollar Tree believes, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states; thus, Dollar Tree has a reasonable objective basis to remove this action.

16. This Court has jurisdiction over this case. *See 28 U.S.C. § 1332(a)(1)*.

17. This Notice of Removal is timely because it was filed within 30 days after the date of Dollar Tree receiving other paper from which it may first be ascertained that the case is one which is or has become removable. See 28 U.S.C. § 1446(b)(3).

18. Removal to the Tampa Division of this Court is appropriate under *Local Rules 1.02(b)(4) and 1.02(c)* because the action was filed in Pinellas County, Florida.

19. As required by *28 U.S.C. § 1446(a)* and *Local Rule 4.02(b)*, true and correct copies of all of the process, pleadings, orders and papers on file with the State Court in this action are attached hereto as "**Composite Exhibit A**."

20. Pursuant to *28 U.S.C. § 1446(d)*, notice of this Notice of Removal is being provided to Plaintiff and the State Court Clerk contemporaneously with the filing of this Notice of Removal with this Court.

WHEREFORE, Defendant, Dollar Tree Stores, Inc., by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Sixth Judicial Circuit In and For Pinellas County, Florida, Case No. 20-002631-CI to the United States District Court for the Middle District of Florida, Tampa Division.

HILL WARD HENDERSON, P.A.

/s/ Sherilee J. Samuel
Sherilee J. Samuel, FBN: 017499
sherilee.samuel@hwhlaw.com
Cory J. Person, FBN: 032950
cory.person@hwhlaw.com
Nicole D.D. Walsh, FBN: 111961
nicole.walsh@hwhlaw.com
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Ph. 813.221.3900
Fax 813.221.2900
*Attorneys for Dollar Tree Stores, Inc.*

## CERTIFICATE OF SERVICE – CM/ECF

I hereby certify that on September 23, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and furnished a copy via email to James R. Wilson, Esquire, A*ttorney for Plaintiff*, at: JRWPleadings@forthepeople.com and RThom@forthepeople.com, Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa FL 33602.

/s/ Sherilee J. Samuel
Hill Ward Henderson, P.A.
*Attorneys for Dollar Tree Stores, Inc.*

14419082v1