Filing # 108260801 E-Filed 06/02/2020 12:56:15 PM

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
# IN AND FOR PINELLAS COUNTY, FLORIDA
# CIVIL DIVISION

CHERYL G. LEVINE,

    Plaintiff,

-vs-

CASE NO.:   20-002631-CI

SECTION:   19

DOLLAR TREE STORES, INC and JOHN DOE,

    Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, CHERYL G. LEVINE, by and through her undersigned attorneys, and sues Defendants, DOLLAR TREE STORES, INC. and JOHN DOE, and alleges:

## GENERAL ALLEGATIONS

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (the estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, if required, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only.) The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff, CHERYL G. LEVINE, was a resident of Pinellas County, Florida.

3. At all times material hereto, the Defendant, DOLLAR TREE STORES, INC., was authorized and doing business in Pinellas County, Florida.

4. At all times material hereto, Defendant, DOLLAR TREE STORES, INC., owned, operated and maintained a store located 3148 Tampa Road, Oldsmar, Pinellas County, Florida, which was used as a store for the purposes of selling miscellaneous items to the general public.

5. At all times material hereto, Defendant, JOHN DOE (name undetermined at this time), was the manager of Defendant, DOLLAR TREE STORES, INC's store, located in Oldsmar, Pinellas County, Florida.

6. At all times material hereto, Defendant, JOHN DOE, is believed to have resided in or around Pinellas County, and in the State of Florida. Discovery is ongoing as to his/her current residence.

7. On May 24, 2019, the Plaintiff, CHERYL G. LEVINE, went to the DOLLAR TREE STORES, INC. store located at the above address to purchase items.

## COUNT I
## NEGLIGENCE OF DOLLAR TREE STORES, INC.

Plaintiff, CHERYL G. LEVINE, reiterates and realleges Paragraphs 1 through 7 of this Complaint as if more fully set forth herein and further alleges:

8. On the date and at the place aforesaid, the Defendant, DOLLAR TREE STORES, INC., owed the Plaintiff, CHERYL G. LEVINE, a business visitor upon the premises, the duty to exercise reasonable care for the safety of Plaintiff, CHERYL G. LEVINE.

9. On the date of the incident, DOLLAR TREE STORES, INC., by and through its employees, managers, representatives, contractors, and/or agents could reasonably anticipate that its mode of operation for ensuring that the floor of the store was not left in a slippery and dangerous condition was not reasonable.

10. On the date and at the place aforesaid, the Defendant, DOLLAR TREE STORES, INC., by and through its employees, managers, representatives, contractors, and/or agents breached the duty owed to the Plaintiff, CHERYL G. LEVINE, by committing one or more of the following omissions or commissions:

a. Negligently created or caused to exist a slippery and dangerous condition, which appeared to be an unknown liquid on the floor in and around the checkout area;

b. Negligently failed to maintain or adequately maintain the floor space in and around the checkout area by allowing a substance which appeared to be an unknown liquid to remain on said floor, and otherwise failed to exercise reasonable care for the safety of the Plaintiff, CHERYL G. LEVINE, as she walked across said floor;

c. Negligently failed to inspect or adequately inspect the floor space in and around the checkout area, to determine whether the substance which appeared to be an unknown liquid existed on said floor, and otherwise failed to exercise reasonable care for the safety of the Plaintiff, CHERYL G. LEVINE;

d. Negligently failed to warn or adequately warn the Plaintiff, CHERYL G. LEVINE, of the danger of slipping on the substance which appeared to be an unknown liquid when he entered the floor space in and around the checkout area when the Defendant, DOLLAR TREE STORES, INC., knew or should have known of said danger and that the Plaintiff, CHERYL G. LEVINE, was unaware of said danger; and

e. Negligently failed to fix, clean, repair, or correct, or adequately fix, clean, repair, or correct the dangerous condition of the substance which appeared to be an unknown liquid on the floor in and around the checkout area when said dangerous condition was known to the Defendant, DOLLAR TREE STORES, INC., or had existed for a sufficient length of time so that the Defendant should have known of it.

11. As a direct and proximate cause of the negligence of the Defendant, DOLLAR TREE STORES, INC., as heretofore alleged, the Plaintiff, CHERYL G. LEVINE, slipped on the substance which appeared to be an unknown liquid, which had been permitted to remain on said floor, and when she fell he sustained injuries and damages as hereinafter alleged.

12. As a direct and proximate result of the negligence of the Defendant, DOLLAR TREE STORES, INC., as heretofore alleged, the Plaintiff, CHERYL G. LEVINE, was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of a physical nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, CHERYL G. LEVINE, will sustain said loss in the future.

WHEREFORE, the Plaintiff, CHERYL G. LEVINE, demands judgment against the Defendant, DOLLAR TREE STORES, INC., in an amount in excess of Thirty Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT II
## NEGLIGENCE CLAIM AGAINST JOHN DOE, STORE MANAGER

Plaintiff, CHERYL G. LEVINE, reiterates and realleges Paragraphs 1 through 7 as if more fully set forth herein and further alleges:

13. On the date and at the place aforesaid, the Defendant, JOHN DOE, was the manager of Defendant's, DOLLAR TREE STORES, INC., store and was responsible for overseeing the operations of the store.

14. On the date and at the place aforesaid, the Defendant, JOHN DOE, owed to Plaintiff, CHERYL G. LEVINE, the duty to exercise reasonable care for the safety of the Plaintiff, CHERYL G. LEVINE.

15. On the date and at the place aforesaid, the Defendant, JOHN DOE, breached his duty owed to Plaintiff, CHERY G. LEVINE, by committing one or more of the following omissions or commissions:

a. Negligently failed to enforce and/or implement company and corporate policies and/or procedures for the protection and safety of its business invitees and customers, including the Plaintiff;

b. Negligently failed to properly train and/or supervise company and corporate employees as to company and corporate policies and/or procedures for the protection of its business invitees and customers, including the Plaintiff;

c. Negligently failed to properly train and supervise company and corporate employees as to company and corporate policies and/or procedures relating to the inspection, mopping and cleaning of floors in the store, for the protection of its business invitees and customers, including the Plaintiff;

d. Negligently failed to properly train and supervise company and corporate employees as to company and corporate policies and/or procedures relating to warning business invitees and customers of the dangerous, slippery condition of the floors, including the proper placement of warning signs, for the protection of its business invitees and customers, including the Plaintiff;

e. Negligently failed to alert Defendant, DOLLAR TREE STORES, INC, of the dangerous condition of the store's floors, and the need for better and more effective training of the Defendant's employees, for the protection of its business invitees and customers, including the Plaintiff;

f. Negligently failed to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to business invitees and customers by failing to repair or authorize repair of the floors in the store, for the protection of its business invitees and customers, including the Plaintiff;

g. Negligently failed to adequately warn business invitees and customers, including the Plaintiff, of the dangerous conditions that he knew or should have known of, for the protection of its business invitees and customers, including the Plaintiff;

h. Negligently failed to properly remedy the dangerous condition of the floors of the store, or otherwise repair said dangerous condition, for the protection of its business invitees and customers, including the Plaintiff;

i. Negligently failed to exercise reasonable care in the maintenance, inspection, repair, warning, and/or mode of operation of said store, for the protection of its business invitees and customers, including the Plaintiff;

j. Was negligent in other respects not yet known at this time.

16. As a direct and proximate cause of the negligence of the Defendant, JOHN DOE, as heretofore alleged, the Plaintiff, CHERYL G. LEVINE, slipped on the substance which appeared to be an unknown liquid, which had been permitted to remain on said floor, and when she fell he sustained injuries and damages as hereinafter alleged

17. As a direct and proximate result of the negligence of the Defendant, JOHN DOE, as heretofore alleged, the Plaintiff, CHERYL G. LEVINE, was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of a physical nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, CHERYL G. LEVINE, will sustain said loss in the future.

WHEREFORE, the Plaintiff, CHERYL G. LEVINE, demands judgment against the Defendant, JOHN DOE, in an amount in excess of Thirty Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

DATED this 2nd day of June, 2020.

/s/ *James R. Wilson*
James R. Wilson, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
JRWPleadings@ForThePeople.com
RThorn@ForThePeople.com
Florida Bar #: 909963
Attorney for Plaintiff